[1] Reported in 270 N.W. 141.
Action by judgment creditor against Ida Buchholtz and others.
In January, 1925, Michael Buchholtz died leaving a will, the pertinent portions of which read as follows:
"Second, after the payment of such funeral expenses and debts, I give, devise and bequeath to my son, Harry Buchholtz, my farm in Section 2, Zumbrota Township, Goodhue County.
"My wife, Ida Buchholtz, shall receive 1 third of the crops of said farm during her life time or cash rent by agreement between my wife Ida Buchholtz and my son Harry. She has to pay the taxes of said farm and my son Harry Buchholtz has to keep up all buildings of said farm. After her death my son Harry Buchholtz has to pay to Herbert Buchholtz, Emily Schluter's heirs (Evelyn, Helen, Richard, Dorothy, Frances), Bertha Johnson, Ida Carlson, Helen Bollum, each the sum of $1,500, fifteen hundred dollars. Seventy-five hundred dollars in all. He also has to take over my debts after my death. My wife, Ida Buchholtz, shall be entitled to 1/3 (one third) of the crop of my farm Sec. 22 and 27, Zumbrota Town, Goodhue Co. through life, or she can sell said farm. She will receive $10,000, ten thousand dollars from the price paid for said farm when sold, the rest shall be divided among Emily Schluter's heirs, Bertha Johnson, Ida Carlson, Helen Bollum and Herbert Buchholtz. My son Harry Buchholtz is not to receive a share from this farm as he is provided for, above.
"Michael Buchholtz." *Page 447 
The will was admitted to probate on September 3, 1925. On April 5, 1932, L.E. Stucky, the appellant herein, filed a petition with the probate court asking among other things that the court construe the will and that he be permitted to intervene and be heard concerning the proper construction thereof. Thereafter, Ida Buchholtz, the wife of the decedent and the executrix of his estate, filed her final account and made objection to the appearance of the appellant, which objection was overruled. Appellant thereafter filed objection to the final account presented by the executrix. After due hearing the probate court issued its final decree. Appellant appealed from this decree to the district court, which made its findings and order for judgment sustaining the decree of the probate court. The case is before us on appeal from an order denying appellant's motion for amended findings or for a new trial.
Appellant contends that by the terms of the will Ida Buchholtz became the owner in fee of the farm designated in the will as being in "Sec. 22 and 27, Zumbrota Town, Goodhue Co."; that the clause in the will immediately following the provision giving to Mrs. Buchholtz one-third of the crops of said farm, which provides that she be given the alternative of selling this farm if she so desired, was a power to dispose of the property which by virtue of 2 Mason Minn. St. 1927, §§ 8115-8117, 8119, was converted into an estate in fee absolute as to creditors.
Only one question is presented: Did Mrs. Buchholtz have the power to dispose of the farm in question at the time appellant attempted levy and execution upon her interest in it?
The cardinal rule to be followed in cases involving the construction of wills is well stated in 6 Dunnell, Minn. Dig. (2 ed. Supps. 1932, 1934) § 10257:
"The cardinal rule of construction, to which all others must bend, is that the intention of the testator, as expressed in the language used in the will, shall prevail, if it is not inconsistent with the rules of law. Such intention is to be gathered from everything contained within the four corners of the will, read in the light of the surrounding circumstances. * * * What is sought in interpretation *Page 448 
— the meaning of the words or the meaning of the writer? Neither. What is sought is not the meaning of the words alone, or the meaning of the writer alone, but the meaning of the words as used by the writer. It is not the meaning of the words in the abstract, for the meaning of the words varies according to the circumstances under which they were used; and not the meaning of the writer apart from his words, for the question is one of interpretation, and what he meant to say, but did not, is foreign to the inquiry. We must seek the meaning of the writer, but we must find it in his words; and we must seek the meaning of the words, but they must be his words, the words as he used them, the meaning which they have in his month. In the construction of a will the inquiry is not what the testator meant to say, but rather what he meant by what he did say."
The second portion of this will is that which provides that Mrs. Buchholtz was to be entitled to one-third of the crop of the farm designated as sections 22 and 27 "through life, or she can sell said farm."
It is beyond dispute that the testator by this provision intended to give to his wife the option of taking one-third of the crops of said farm for life or of selling the farm and retaining a designated portion of the proceeds.
It appears that from 1925, the year in which her husband's will was probated, until 1932, the year in which the appellant filed petition in probate court, Mrs. Buchholtz chose to and did take one-third of the income from the crops of the farm according to the provisions of the will. There never has been any attempt to exercise the power of sale given to her by the will.
We do not agree with the contention that Mrs. Buchholtz by the terms of the will was given both a share of the crops of the farm and a power of disposal of it. The provision is in the alternative. It gives her one or the other, not one and the other. Testator could not have intended otherwise than that his wife was to have an election to take one or the other, and that this election should be made at the time of his death or of the probating of his will. *Page 449 
That this was his intention is borne out by an examination of certain other provisions of the instrument. It will be noted that testator gave to his son, Harry Buchholtz, another farm designated as in "Section 2, Zumbrota Township, Goodhue County," and provided that Mrs. Buchholtz should receive one-third of the crops thereof. Significant also is the fact that testator did not in similar fashion expressly devise the fee of the farm designated as in sections 22 and 27, but merely provided that in case Mrs. Buchholtz sold the property all but $10,000 should be divided among "Emily Schluter's heirs, Bertha Johnson, Ida Carlson, Helen Bollum and Herbert Buchholtz." By "Emily Schluter's heirs" the testator must have meant five grandchildren, all children of Emily Schluter, deceased daughter of testator. The others named are children of the testator.
It could not have been Buchholtz's intent that this farm pass under the laws of intestate succession, for in that case Harry Buchholtz would have been entitled to a share as a lawful heir, and the will expressly states: "My son Harry Buchholtz is not to receive a share from this farm as he is provided for, above."
The inescapable conclusion is that in the same fashion and under the same terms as the farm in section 2 was to go to testator's son Harry the farm in sections 22 and 27 was to go to testator's grandchildren and other children in case Mrs. Buchholtz elected to receive one-third of the crop instead of disposing of the farm. The only logical time which suggests itself as to when the testator intended that the option should be exercised is the time of his death or probate. Certainly there is nothing indicating that Mrs. Buchholtz was to have the right to elect to dispose of the property any time she so willed during her whole lifetime. Moreover, it would hardly seem that the testator intended that the farm should be operated, as is shown by his giving to his wife one-third of the crop thereof, and that in case Mrs. Buchholtz did not decide to sell at the time of his death she should have the power to end such operation at will, no matter how many years after his death and no matter how well and permanently established his children and grandchildren were on this farm. *Page 450 
Considering all the circumstances surrounding this rather crudely drafted will and reading it as a whole, we are impelled to the conclusion that testator intended that Mrs. Buchholtz elect at the time of his death which course she would pursue as to the farm in question, and that it was not intended that she should have both a share of the crop and a power to dispose of the farm whenever she willed.
By accepting the specified share of crop from the farm during the period after her husband's death, Mrs. Buchholtz made her election and thereby was precluded from claiming a right to dispose of the property, the title of which passed unencumbered, except as to the charge thereon relating to the crop, to the testator's children and grandchildren.
Mrs. Buchholtz not having the power to dispose of the property for any purpose whatsoever, neither at the time appellant made levy and execution nor at the time he commenced proceedings in probate court, it is not necessary to consider the operation and effect of the statutes pertaining to powers which are cited by appellant.
The order must be and hereby is affirmed.
MR. JUSTICE STONE took no part in the consideration or decision of this case. *Page 451